## In re Minor's Application for Marriage License

Before Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*Ralph C. Busser, Jr.,* for applicant.

*Richard T. McSorley,* contra.

HUNTER, J., October 13, 1948.—This comes before us on exceptions to the appointment of a guardian for a minor, for the purpose of consenting to the application for a marriage license.

The applicants are minors. The boy is 18 years of age, and the girl 17, and both are seniors in high school. She is pregnant, and he is the father of her child. He desires to marry her, but his mother withholds consent. The parents of the girl have given their consent.

The mother of the boy has had training and experience in social service. She believes that the proposed marriage would not be to the interest of either party or their unborn child, because he could not continue his education and has not the ability to support wife or child, and their marriage would bring only frustration and bitterness. She believes that it would be better for the child if it were adopted into the home of people who are more mature, rather than be brought up by young parents who are so unprepared to give it either security or affection.

On the other hand, the parents of the girl have offered the young people a room in their house, and financial help until the boy's graduation from high school in February next, if he will coöperate by getting a job after school hours to help with the hospital bill and support.

The opinion and desires of this mother, who has had the care and burden of support of the boy since he was five years of age, are entitled to respect, but they are not the sole consideration in a case like this, nor can our thought be for the boy alone. The name and welfare of the child are to be considered, and with its birth will come the responsibilities of parenthood which cannot be lightly put aside. To forbid the marriage would not relieve the father of penalty or responsibility. To the credit of the boy, he is willing to assume the duties of a husband and father, and the welfare

and best interests of all the parties demand that their relations be put on a decent and normal basis. We do not share the fears of the exceptant that the marriage is headed for disaster, because as was so well said by the hearing judge: "Most of us when we marry, start out with very little except the hope of making a success out of life. Sometimes the very marriage responsibility stimulates that."

We have reviewed the testimony taken before the hearing judge and it amply supports the finding that the proposed marriage will be to the advantage and promote the welfare of applicant, his intended wife and unborn child, and that the parent of applicant unreasonably withholds consent.

Exceptant contends that nowhere is any express authority given to the court or clerk, or to any kind of a guardian, to override a parent who withholds consent.

The Act of June 23, 1885, P. L. 146, sec. 3, 48 PS §5, as last amended, May 28, 1915, P. L. 636, requires consent by "parents or guardians".

The only reported case in Pennsylvania which concerned a minor and unborn child is In re Leber, 20 Lanc. 304 (1903). The court without written opinion overruled a father's objection to the marriage of his daughter, a minor under the age of 14, and appointed a guardian to consent to her marriage.

Other cases, which do not concern the legitimacy of a child, sustain the right of a parent to withhold consent. In Donahue v. Dougherty, 5 Rawle 124, and Buchanan v. Thorn, 1 Pa. 431, the court refers to "the deprivation of the right gone by forever, to participate by counsel and advice in the formation of a connexion involving the happiness or misery of a child".

In Lundstrom v. Mample, 205 Minn. 91, 285 N. W. 83, 85 (1939), the court said:

"The intention of the statute is that the parent may exercise control and discipline over his child until marriage and to that end advise him and prevent him, if possible, from contracting an ill-advised marriage."

In this court in a case entitled In re Minor's Application for Marriage License, 59 D. & C. 355, Judge Ladner said:

"To issue the license without his (the parent's) consent would deprive him of his right to the services of his child, which the law gives him, a right given him in recompense for his duty of maintenance and support. We ought not, without good cause, interfere with a father's right to determine what is best for the welfare of his minor children, for that is his social responsibility."

The Act of 1885 suggests no exception to the requirement of consent to marriage by a parent or guardian, like, for example, the exception in the Adoption Act eliminating consent where a parent has abandoned the child. In Philadelphia practice, and no doubt elsewhere, it is assumed that such an exception exists, and many marriages are based upon the consent of the other parent or guardian.

In our opinion, public policy requires a further exception to the act. Marriage laws are always given a liberal interpretation where the legitimacy of issue is in question, and such statutes are directory only and not mandatory, unless they express words of nullity: Rodebaugh v. Sanks, 2 Watts 9.

Other statutes, on the books everywhere, provide for the legitimation of children by the marriage of the parents.

This is the public policy of the Commonwealth, and we believe that the Act of 1885 was not intended to conflict therewith. In our opinion the court has authority to overrule a parent who withholds consent to

marriage where a child will be made legitimate and the welfare of the minor parent will be promoted by the marriage.

We see no impropriety in the minor's selection of counsel as guardian to consent to his marriage after the question of the advisability of the marriage had been passed upon by the court. There is no discretion to be exercised by the guardian, and his appointment was a mere formality to comply with the letter of the statute.

The exceptions are dismissed and the decree of the hearing judge is confirmed absolutely.